**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETT SCHMASOW,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>Social Security Administration,<br><br>       Defendant - Appellee. | No. 10-35277<br><br>D.C. No. 4:09-cv-00065-SEH-RKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District Court
Judge.[**]

Brett Schmasow appeals the district court's decision affirming an

administrative law judge's (ALJ) termination of disability benefits after finding a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

[**]     The Honorable Claudia Wilken, United States District Court Judge for
the Northern District of California, sitting by designation.

closed period of disability from September 1, 2006 to February 25, 2008.

Schmasow argues that the evidence did not establish medical improvement related to his ability to engage in substantial gainful activity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse.

The ALJ's decision must be upheld if supported by substantial evidence and if the ALJ applied the correct legal standards. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). Substantial evidence is more than a mere scintilla but less than a preponderance. *Id.* at 1011 (internal quotation marks omitted). "[A] reviewing court must consider the record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence. *Robbins v. Soc. Sec. Admin*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks omitted).

Everyone agrees that Schmasow's medical condition improved over the two year period. *See* POMS DI 28010.105. Dr. Hinde's February 26, 2008 treatment note states that Schmasow's condition had stabilized. But nothing suggests that Schmasow then had the ability to engage in substantial gainful activity. Dr. Hinde's February 2008 treatment note is, at best, equivocal about Schmasow's ability to work, noting his continuing impairments and advising him to revisit disability if not approved for benefits. Neither Dr. Schofield nor Dr. Kuka

provided substantial evidence to support the ALJ's assessment of Schmasow's physical abilities. Neither of them examined Schmasow and neither identified specific evidence in Dr. Hinde's notes to support their opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008); 20 C.F.R. § 404.1527(d)(3).

The ALJ also improperly discredited Schmasow's testimony about the extent and intensity of his impairments, particularly his inability to walk and stand for long periods of time. Schmasow's activities of daily living did not provide clear and convincing reasons to discount his testimony about his physical limitations. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

On the current record, the ALJ should have found that Schmasow's disability continued past February 25, 2008. At the hearing, the vocational expert testified that if the ALJ credited Schmasow's testimony, Schmasow would be precluded from performing light, unskilled work *and* sedentary, unskilled jobs. Where the record establishes that claimant could not perform even sedentary work,

there is no need for further proceedings.[1] *See Reddick v. Chater*, 157 F.3d 715, 728-29 (9th Cir. 1998).

We REVERSE and REMAND with instructions to the district court to remand to the ALJ for an award of benefits.

---

[1]Nothing in our order precludes the Commissioner, at some future time, from initiating proceedings to review Schmasow's continued eligibility for disability benefits. *See* 20 C.F.R. §§ 220.176, 220.180.